IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAKITA MURPHY,                                                                                         PLAINTIFF
ADC #710981

V.                                          1:19CV00013-KGB-JTK

JOHN W. HERRINGTON, SR., et al.                                                             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Murphy, a state inmate confined at the McPherson Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendants filed a false disciplinary charge against her, failed to properly investigate the charge, and improperly classified her as an administrative segregation inmate. She asks for monetary and injunctive relief from Defendants.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**I.   Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c)

seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). But regardless whether a plaintiff is represented or appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim. See <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in <u>Ashcroft v. Iqbal</u>, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing <u>Twombly</u>, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." <u>Id</u>. at 557.

**II.     Facts**

Plaintiff alleges Defendant Herrington filed a false disciplinary charge against her for engaging in unlawful sexual activity, after reviewing camera footage of Plaintiff and two other inmates. She also alleges Herrington improperly placed her in the step-down program in the administrative segregation unit. She claims Defendants Ayrs and Bradley also viewed the camera footage and falsely reported seeing improper sexual activity. Finally, Plaintiff claims Bradley improperly kept her incarcerated in administrative segregation for months at a time. Plaintiff asks for damages and for review of the charges against her.

**III.   Analysis**

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Initially, the Court notes that Plaintiff's allegations that Defendants failed to follow ADC procedures do not support a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992).

Plaintiff also claims that Defendants falsely accused her of the improper sexual activity. However, the filing of a false disciplinary charge against an inmate does not state a constitutional claim for relief, unless it was filed in retaliation for the inmate's exercise of a constitutional right. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). However, Plaintiff does not allege the charge was filed against her in retaliation for any activity; therefore, this allegation fails to state a claim for relief. In addition, her allegation of improper investigation does not state a constitutional claim, especially because she states in her complaint that Defendants reviewed the

tape, identified Plaintiff as a participant, and gave explicit details of the actions on the tape. (Doc. No. 2, p. 4) And she does not allege that Defendants intentionally or recklessly failed to investigate the incident at issue, which is essential to stating a due process claim. Brockinton v. City of Sherwood, 503 F.3d 667, 672 (8th Cir. 2007).

Finally, Plaintiff's allegations concerning her classification into a program and placement in administrative segregation fail to state a constitutional claim for relief. To support such a claim, Plaintiff must show that she was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether an inmate possesses a protected liberty interest, the courts "compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life.... We do not consider the procedures used to confine the inmate in segregation." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). The courts have held that placement in administrative segregation, even without cause, is not an atypical and significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002). Plaintiff does not specifically allege any facts to support a finding that her incarceration in administrative segregation was atypical or significant in relation to ordinary incidents of prison life, as set forth in Sandin. "[A]djustments in classification as a result of disciplinary infractions are certainly a typical and expected component of prison life and do not 'present a dramatic departure from the basic conditions of [an inmate's] sentence.'" Cole v. Norris, No. 2:07CV00056-WRW, 2008 WL 4949283 *4 (E.D.AR) (quoting Sandin, 515 U.S. at 484, 487).

Plaintiff also claims Defendant Bradley violated ADC policy which requires the disciplinary process to include "who, what, when where." (Doc. No. 2, p. 5) As noted above, an

allegation that Defendants violated ADC policy does not support a claim for relief. To comply with procedural due process in connection with a prison disciplinary hearing, prison officials must provide an inmate with advance written notice of the charges against her, an opportunity to call witnesses and present a defense, and a written statement of the evidence relied upon by the fact finder and the reasons for the charges. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Plaintiff does not allege any of these due process violations, other than to claim that Defendant failed to provide "who, what, when, where." (Doc. No. 2, p. 5)  However, according to the disciplinary charge written against Plaintiff and attached to her complaint, Plaintiff was identified as participating in improper conduct with two other named inmates "on 10/6/2018 from 09:22:26 til 12:06:06 and on 10/7/2018 in beds 45 and 16 in 2 barracks." (Doc. No. 2, p. 21)  Therefore, the Court finds that Plaintiff's allegation fails to support a constitutional claim for relief.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 28th day of January, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE