# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JAKITA MURPHY**                                                                                      **PLAINTIFF**
**ADC #710981**

v.                     Case No. 1:19-cv-00013-KGB-JTK

**JOHN W. HERRINGTON, SR.,**
**Assistant Warden, McPherson Unit,** *et al*.                                     **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 4). Plaintiff Jakita Murphy filed objections to the Proposed Findings and Recommendations (Dkt. No. 7). Ms. Murphy also filed a motion to appoint counsel and for copies and a second motion to appoint counsel (Dkt. Nos. 5, 6). After careful review of the Proposed Findings and Recommendations, a *de novo* review of the record, and a review of the objections, the Court adopts the Proposed Findings and Recommendations in part as this Court's findings (Dkt. No. 4). Judge Kearney recommends dismissing with prejudice Ms. Murphy's claims; the Court instead dismisses without prejudice Ms. Murphy's claims. The Court denies as moot Ms. Murphy's motion to appoint counsel and for copies and second motion to appoint counsel (Dkt. Nos. 5, 6).

Ms. Murphy filed a complaint pursuant to 42 U.S.C. § 1983 on January 24, 2019, suing McPherson Unit Assistant Warden John W. Herrington, Sr., Sergeant Roger Ayris, and Warden Toni Bradley in their official and personal capacities (Dkt. No. 2). Ms. Murphy alleges that defendants filed a false disciplinary charge against her, failed to investigate properly the charge, and improperly classified her as an administrative segregation inmate (*Id.*). Ms. Murphy seeks

monetary and injunctive relief (*Id.*, at 6). She also seeks for all of her "10-1 violations . . . to be viewed over" and for all parties involved to be "punished to set an example" (*Id.*).

In the Proposed Findings and Recommendations, Judge Kearney recommends dismissing with prejudice Ms. Murphy's complaint for failure to state a claim (Dkt. No. 4, at 6). Judge Kearney determined that Mr. Murphy's allegations that defendants failed to follow Arkansas Department of Correction ("ADC") procedures do not support a constitutional claim for relief (*Id.*, at 4). Judge Kearney determined that Ms. Murphy's allegations that defendants filed a false disciplinary charge against her also does not state a constitutional claim for relief, unless such a charge was filed in retaliation for the inmate's exercise of a constitutional right, which Ms. Murphy does not allege occurred (*Id.*, at 4). Judge Kearney further concluded that Ms. Murphy's allegation that defendants failed to conduct a proper investigation does not state a constitutional claim, especially because she states in her complaint that defendants reviewed the tape, identified her as a participant, and gave explicit details of the actions on the tape (*Id.*, at 4-5). Finally, Judge Kearney found that Ms. Murphy's allegations concerning her classification into a program and placement in administrative segregation fail to state a constitutional claim for relief (*Id.*, at 5).

Judge Kearney recommends that dismissal of this action constitutes a strike within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Judge Kearney further recommends that the Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

Ms. Murphy makes several objections that she alleges are "based on facts that can be proven when the evidence, such as camera footage, witness statements, and other documentation signed by the defendants themselves, is properly investigated" (Dkt. No. 7, at 1). Ms. Murphy

asserts that she understands that each individual action and violation by ADC staff members may not be unconstitutional on their own, but that, in totality, they add up to create an overall effect that is unconstitutional (*Id.*). Ms. Murphy alleges again that Warden Herrington and Sergeant Ayris falsified documentation and that the evidence should be investigated by a third party (*Id.*). According to Ms. Murphy, though the acts of falsifying documentation and defamation of character may not be unconstitutional themselves, the emotional and mental injury caused by these actions are a constitutional violation (*Id.*, at 2). Ms. Murphy further argues that she now has medical issues and hair loss due to her confinement in segregation (*Id.*, at 2-3). Ms. Murphy submits that the totality of these conditions adds up to create an overall effect that is unconstitutional (*Id.*, at 3).

Even considering all of Ms. Murphy's allegations together, the Court agrees with Judge Kearney's Proposed Findings and Recommendations that Ms. Murphy's allegations in this case do not state constitutional claims (Dkt. No. 4). Accordingly, the Court adopts in part the Proposed Findings and Recommendations over Ms. Murphy's objections (Dkt. No. 4). The Court declines to dismiss with prejudice Ms. Murphy's complaint for failure to state a claim; instead the Court dismisses without prejudice Ms. Murphy's complaint (Dkt. No. 2). Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The Court certifies than an *in forma pauperis* appeal from the Order and Judgment entered in this case would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3). The Court denies as moot Ms. Murphy's motion to appoint counsel and for copies and second motion to appoint counsel (Dkt. Nos. 5, 6).

It is so ordered this 30th day of August, 2019.

_____
Kristine G. Baker
United States District Judge